Dear Mr. Napper:
You requested the opinion of this office regarding an issue which has arisen with regards to the Julius C. Hatcher Reversionary Medical Trust (the "Trust"). In response to your request, this office issued Op.Atty.Gen. No. 00-147, which stated in pertinent part:
 "Your third question is: if the State is so obligated to make the interest payment, what is the proper procedure and interest rates(s) to be used to calculate the interest payment?
 As stated in C.C. Art. 2000, the State should pay legal interest from the date the payment was due."
You now advise, pursuant to your understanding of this portion of the opinion, the Treasurer forwarded payment to the Trustee together with an attached interest calculation of legal interest from the date the payment was due until the payment was made. Subsequently, Mr. Chris Verret, the attorney for the beneficiaries of the Trust, disputed the Treasurer's calculation of the interest due with respect to the late payment. You advise that Mr. Verret claims interest is due for the period after the payment was made, not just for the period when the payment was outstanding and not paid. The information attached to your supplemental request contains correspondence from Mr. Verret which states in pertinent part:
 "As a result of the foregoing, and consistent with the Opinion of the Attorney General No. 00-147, the amount due on June 27, 1997 was $542,085.72 (being the sum of $468,201 in replenishment that should have been paid not later than October 31, 1995 plus interest thereon, at the legal rate and without compounding, through June 27, 1997 in the amount of $73,884.72). However, Mr. Napper's calculations cease the accrual of interest when the payment of $468,201 was made on June 27, 1997. Under the rules established in La.C.C. arts. 2000 and 2001 and the jurisprudence interpretive thereof, the payment that was made on June 27, 1997 went first to unpaid interest and the remainder to principal. Accordingly, after application of the payment made on June 27, 1997, the unpaid principal balance was then $73,884.72. This is, of course, identical to the amount of interest which was due on that date, but upon application of the payment made on that date, that amount is unpaid principal, not unpaid interest."
Civil Code article 2000 provides in pertinent part as follows:
 "When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924. . ."
Civil Code article 2001 provides as follows:
 "Interest on accrued interest may be recovered as damages only when it is added to the principal by a new agreement of the parties made after the interest has accrued."
To our knowledge, the parties have not entered into any new agreement providing for the payment of interest on accrued interest.
We are cognizant of the provisions of R.S. 9:3509.2, none of which appear to apply to the situation presented. R.S. 9:3509.2 provides in pertinent part as follows:
 "The general prohibition against the recovery of interest upon accrued interest, as expressed in Civil Code Article 2001, is subject to the following exceptions:
 (1) As provided by the Louisiana Consumer Credit Law, or as specifically provided by law.
 (2) In transactions entered into for commercial, business, or agricultural purposes.
 (3) In matters preempted by federal law or by rules and regulations of federal agencies . . .
 (4) As provided in rules and regulations promulgated by the commissioner of financial institutions for supervised financial organizations . . ."
We are also cognizant of the provisions of C.C. art. 1986 pertaining to imputation of payment, which provides in pertinent part as follows:
 "An obligor of a debt that bears interest may not, without the obligee's consent, impute a payment to principal when interest is due.
 A payment made on principal and interest must be imputed first to interest."
Based upon the foregoing, it is the opinion of this office that the State's payment must first be applied to the interest owed, and then to the principal amount owed; however, interest cannot accrue on interest in violation of C.C. art. 2001.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH